[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on respondent's motion to dismiss on the basis that the petitioner's prior petition for relief was dismissed with prejudice following its withdrawal.
A brief review of the file indicates that the petitioner was sentenced to a total sentence of sixty years to serve on March 29, 1984.
On November 27, 1991, a prior habeas corpus petition was withdrawn by the petitioner, and the court dismissed the petition without prejudice.
Subsequently, a second petition was filed and amended on CT Page 9-A September 8, 1995. This latter petition had attached to it the first petition which had four counts alleging, in various degrees, ineffective assistance of counsel. The amended petition of September 8, 1995 contained one count alleging ineffective assistance of counsel.
This petition was then withdrawn and subsequently dismissed by the court with prejudice.
A pending application may be dismissed without a hearing if a previous application brought on the same grounds has been denied, unless it alleges new facts or proffers new evidence not reasonably available at the previous hearing. See Sanders v.United States, 373 U.S. 1, 16 (1963).
In Negron v. Warden, 180 Conn. 153 (1980), our Supreme Court held that a dismissal without a hearing is impermissible, however, where the new application has been instituted on grounds different from those supporting the previous application, even if such grounds were available at the time of the hearing on the first action, provided that they were not deliberately withheld from adjudication in the first hearing.
The court obviously seeks a finality to a process which too often is abused by successive filings. In McClesky v. Zant,
CT Page 9-B499 U.S. 467, 111 S.Ct. 1454 (1991), the court spoke at length about the necessity of "finality." It states that the petitioner could abuse the writ by deliberately withholding a claim or that the writ could be abused regardless of whether or not the failure to raise it (claim) in an earlier petition stemmed from a deliberate choice.
The petitioner has not convinced this court that the claim now made was not available to him in the earlier petition which was dismissed with prejudice.
The motion to dismiss the petition is granted
Mihalakos, J.